1  PATRICK S. SMITH (SBN 120220)
   BELTRAN BELTRAN SMITH OPPEL & MACKENZIE, L.L.P.
2  16133 Ventura Blvd., Suite 1145
   Encino, California 91436
3  Telephone: (818) 981-1027
   Fax: (818) 981-3169
4  patricksmithlaw@sbcglobal.net

5  Attorneys for Plaintiff
   Kevin Highsmith
6

7

**UNITED STATES DISTRICT COURT FOR THE**

8

**CENTRAL DISTRICT OF CALIFORNIA**

9

10   KEVIN HIGHSMITH,                      Case No. CV09-00039 SVW(CTx)

11          Plaintiff,                     COMPLAINT FOR VIOLATION OF
                                           CIVIL RIGHTS
12   v.

13   LIDIA MARQUEZ, in her individual
     capacity; JOSE ARROYO, in her
14   individual capacity; RUDY ESPARZA,
     in his individual capacity; FRANK
15   GARCIA, in his individual capacity;
     CHRISTOPHER GEIWITZ, in his
16   individual capacity; SGT. JOE LOPEZ,
     in his individual capacity; STANDISH
17   BERRY in his individual capacity;
     CARLOS MANCILLA in his individual
18   capacity; ROBERT PRATT in his
     individual capacity; J. CURIEL, in his
19   individual capacity, and DOES I through
     X, inclusive,
20
            Defendants.
21

22          Plaintiff alleges:

23                    **JURISDICTION AND VENUE**

24          1.    This action arises under the United States Constitution and the Civil

25   Rights Act of 1871 [42 U.S.C. Section 1983] and pendant state claims as hereinafter

26   more fully appears.  This court has jurisdiction under and by virtue of 28 U.S.C.

27   Section 1343 and 1331.

28          2.    Venue is founded in this judicial district upon 28 U.S.C. Section 1391(b)

1   and (c) as the acts complained of arose in this district.

2   **PARTIES**

3       3.      At all times herein mentioned, plaintiff, Kevin Highsmith ("Highsmith")

4   was, and now is, a citizen of the United States, and resides in the State of California.

5   At the time of the incident described herein, Highsmith was an inmate in the

6   California Department of Corrections being held at California State Prison, Los

7   Angeles County, in Lancaster California at all relevant times mentioned herein.

8       4.      At all times herein mentioned, defendant, Correctional Officer Lidia

9   Marquez (Badge No. 67891), was duly appointed and acting as a correctional officer,

10  acting under color of state law at California State Prison, Los Angeles.  She is sued in

11  her individual capacity and was at all material times acting under color of State law

12  and as the employee, agent and representative of every other defendant.

13      5.      At all times herein mentioned, defendant, Correctional Officer Jose

14  Arroyo (Badge No. 60749),  was duly appointed and acting as a correctional officer,

15  acting under color of state law at California State Prison, Los Angeles.  He is sued in

16  his individual capacity and was at all material times acting under color of State law

17  and as the employee, agent and representative of every other defendant.

18      6.      At all times herein mentioned, defendant, Correctional Officer Rudy

19  Esparza (Badge No. 60132), was duly appointed and acting as a correctional officer,

20  acting under color of state law at California State Prison, Los Angeles.  He is sued in

21  his individual capacity and was at all material times acting under color of State law

22  and as the employee, agent and representative of every other defendant.

23      7.      At all times herein mentioned, defendant, Correctional Officer Frank

24  Garcia (Badge No. 51880), was duly appointed and acting as a correctional officer,

25  acting under color of state law at California State Prison, Los Angeles.  He is sued in

26  his individual capacity and was at all material times acting under color of State law

27  and as the employee, agent and representative of every other defendant.

28      8.      At all times herein mentioned, defendant, Correctional Officer

Christopher. Geiwitz (Badge No. 61985), was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and was at all material times acting under color of State law and as the employee, agent and representative of every other defendant.

9.    At all times herein mentioned, defendant, Correctional Officer Sgt. Joe Lopez (Badge No. 62067), was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and was at all material times acting under color of State law and as the employee, agent and representative of every other defendant.

10.    At all times herein mentioned, defendant, Correctional Officer Standish Berry (Badge No. 67161), was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and was at all material times acting under color of State law and as the employee, agent and representative of every other defendant.

11.    At all times herein mentioned, defendant, Correctional Officer Carlos Mancilla (Badge No. 49786), was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and was at all material times acting under color of State law and as the employee, agent and representative of every other defendant.

12.    At all times herein mentioned, defendant, Correctional Officer Robert Pratt (Badge No. 63550), was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and was at all material times acting under color of State law and as the employee, agent and representative of every other defendant.

13.    At all times herein mentioned, defendant, Correctional Officer J. Curiel, was duly appointed and acting as a correctional officer, acting under color of state law at California State Prison, Los Angeles. He is sued in his individual capacity and

1  was at all material times acting under color of State law and as the employee, agent

2  and representative of every other defendant.

3      14.   At all times herein mentioned, defendants, Does I through X were duly

4  appointed and acting as agents of the State of California employed as such by the

5  California Department of Corrections or contracting with that agency and were at all

6  material times acting under color of State law and as the employee, agent and

7  representative of every other defendant.  These DOES are sued in their individual

8  capacity.

9      15.   The true names or capacities of defendants, Does I through X are

10  unknown to plaintiff who therefore sues such defendants by such fictitious names.

11  Each of the defendant Does is responsible in some manner for the events herein

12  referred to, and caused injuries and damages proximately thereby to plaintiff, as

13  herein alleged.   Plaintiff will amend this complaint to insert the true names and

14  capacities of the fictitiously named defendants when ascertained.

15                          **FACTUAL ALLEGATIONS**

16      16.   On June 6, 2007, Plaintiff, an inmate in the California State Prison Los

17  Angeles, was lying on his bunk (17 Low, in D-Yard Gym) adjusting his clothing

18  while most of the other inmates were recreating outside the D-Yard Gym.   At this

19  time defendant Marquez observed this conduct and knowingly falsely accused the

20  Plaintiff of engaging in sexual misconduct toward her.  Marquez notified defendant

21  Geiwitz of the false allegation of sexual misconduct toward her and he (Geiwitz)

22  approached Plaintiff and handcuffed him, on information and belief, knowing that the

23  allegations were false.  With the knowledge of Geiwitz (on information and belief),

24  Defendants Arroyo and Esparza took Plaintiff to a secluded rotunda area out of view

25  of other officers and inmates and out of view of all video surveillance cameras.  They

26  were joined by defendants Garcia and Pratt. During these times Plaintiff was beaten,

27  kicked and thrown to the ground by these defendants in retaliation for the false

28  allegations made by Marquez.  On information and belief, Arroyo and Esparza

1   initiated in the excessive use of force against Plaintiff, while Garcia and Pratt joined

2   in by helping to hold Plaintiff while excessive force was used against him or

3   watching out while the officers improperly used the force against him.   Either way,

4   Garcia and Pratt participated in the excessive use of force.  Defendants Berry and

5   Mancilla came upon the scene and witnessed the excessive use of force, and on

6   information and belief participated in the covering up of the misconduct by the other

7   guards.

8        17.    During this time, the D-Yard Program Sergeant, defendant Lopez was

9   notified of what was occurring and participated in the "informal" discipline and

10  punishment of Plaintiff.  Defendant Lopez engaged in the investigation of th incident

11  and, on information and belief, knew that the wrong had occurred, yet he also

12  participated in covering up the misconduct.  The defendant correctional officers, in

13  using the force against Plaintiff did so actively, through a conspiracy or tacit

14  agreement of a code of silence, or through a custom and practice of covering for one

15  another and meting out informal discipline which amounted to cruel and unusual

16  punishment.  The force and punishment was applied maliciously and sadistically for

17  the very purpose of causing harm and engaging in unlawful and unjustified

18  punishment of Plaintiff.  Thereafter, claimant was denied appropriate medical

19  treatment for his injuries.

20       18.    Notwithstanding the fact that plaintiff was the victim of illegal

21  punishment and illegal application of force, the officers, as a pretext claimed that he

22  was engaged in illegal "sexual" activity to embarrass him and to ensure that he not

23  come forward with the complaint.  Additionally, the officers falsely claimed that

24  Plaintiff had resisted and used force against the officers.  This was a pretext designed

25  to discourage Plaintiff from telling the truth and to cover their own misconduct.

26  Further, Plaintiff was the subject of disciplinary and criminal prosecution for the

27  alleged sexual misconduct and for using force or violence against the officers.  Those

28  charges of sexual misconduct and use of force or violence against the officer

defendants were dismissed against Plaintiff in the court. Any verdict in this case would not be inconsistent with and state court judgment in the criminal case. Plaintiff was punished by placement in administrative segregation and deprived of credits toward his release as a result of the fabrications made by the officer defendants. All of the defendants conspired either overtly or discretely to deprive Plaintiff of his rights by committing the misconduct identified herein.

19.   By reason of the afore described acts of defendants, plaintiff suffered punitive additional time in custody, physical injuries, pain and suffering, emotional distress, and was otherwise injured, subjected to humiliation and indignities, and suffered physical, mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20.   Defendants, and each of them, knew or should have known that the placement of Plaintiff in disciplinary housing was only a pretext to cover up their illegal actions. The discipline imposed on plaintiff was unjustified and imposed to discredit the plaintiff and prevent him from pursuing any claim.

21.   Defendants, and each of them, knew or should have known that the placement of Plaintiff in disciplinary housing was only a pretext to cover up their illegal actions. The discipline imposed on plaintiff was unjustified and imposed to discredit the plaintiff and prevent him from pursuing any claim.

22.   Plaintiff did not consent to this conduct but protested until he was overcome by the defendants unlawful punishment and use of force. The unlawful punishment and use of force upon plaintiff was cruel, unusual, unjustified, unreasonable, excessive and beyond any need the officers knew they had.

23.   The aforementioned acts of defendants, and each of them, were willful, reckless, malicious, oppressive, and with callous indifference to and with reckless disregard to plaintiff's rights, and thus, justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24.   Plaintiff exhausted his administrative remedies by filing the necessary

documentation with the CDC in order to process his appeals and complaints. Alternatively and additionally, during the course of his processing of his administrative remedies, Plaintiff's attempts to exhaust his administrative remedies was continuously interfered with by Defendant J. Curiel. Defendant, J. Curiel, continually discouraged Plaintiff from filing his appeals and exhausting his remedies and took action which interfered with and, interrupted, discouraged, blocked, and generally prevented Plaintiff from exhausting his administrative remedies. On information and belief, defendant J. Curiel and certain DOES understood and/or believed that the PLRA required administrative exhaustion and each of them took steps to prevent exhaustion so as to avoid, illegally, litigation and to cover up the misconduct by his fellow CDC employees and correctional officers. The aforementioned conduct also caused Plaintiff not to be able to complete the exhaustion of his administrative remedies by the time he was released from prison on July 23, 2008. At the time of the filing of this complaint, Plaintiff is and was not a prisoner confined in any jail, prison, or other correctional facility. The aforementioned acts of interference by defendants J. Curiel and certain unknown DOE defendants, and each of them, constituted conduct which violated Plaintiff's due process and equal protection rights.

    25.    Alternatively, the aforementioned acts of defendants, and each of them, constituted conduct which does not involve "prison conditions," but involves a particular incident whereby the defendants engaged in illegal and unlawful conduct. Additionally, requiring any such exhaustion is futile, since this suit does not seek to improve prison conditions as defined under the Prison Litigation Reform Act, and no exhaustion could allow the prison officials to remedy the condition or resolve the dispute during or subsequent to any such process. Further, Plaintiff was released from prison while he was engaging the administrative remedies, but could not longer do so by virtue of his release. As such exhaustion is not required under 42 U.S.C. § 1997e(a).

26.     By reason of the afore described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to plaintiff in the within action so that he might vindicate the loss and impairment of plaintiff's rights.  By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT ONE

### (Against All Defendants and DOES I-X, For Violation of Civil Rights– Use of Force Constituting Cruel and Unusual Punishment)

27.     Plaintiff hereby incorporates and realleges Paragraphs 1 through 26 hereat as though fully set forth at this place.

28.     Plaintiff is informed and believes, and thereon alleges, that all of the acts, as alleged herein above, were done in a conspiracy, either overtly or tacitly, and/or through the individual acts of defendants.

29.     By reason of all defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Eighth and Fourteenth Amendments of the Constitutional of the United States and the laws enacted thereunder.  The Eighth Amendment prohibition of cruel and unusual punishment is applicable to the states and its officers through the Fourteenth Amendment.  The unlawful use of force, and fabrication of events amounted to an arbitrary intrusion by defendants, and each of them, into the security of plaintiff's rights, in violation of his constitutionally protected rights and constituted cruel and unusual punishment, and were not authorized by law.  The violence inflicted upon plaintiff's person, the restriction of his movements, and the use of force  deprived plaintiff of his right to be free from cruel and unusual punishment under the Eighth Amendment as applied to these defendants through the Fourteenth Amendment's right to due process of law.

30.     The Defendants knew or should have known when they took the action against this Plaintiff that Plaintiff would have been subjected to the infliction of

1   unnecessary and wanton pain.  The Defendants were deliberately indifferent to

2   Plaintiff's constitutional right to be free of cruel and unusual punishment because they

3   committed the acts alleged herein and intentionally interfered with Plaintiff's right to

4   be free from cruel and unusual punishment.  Such acts violated Plaintiff's

5   constitutional right to be free from cruel and unusual punishment, and the Defendants'

6   conduct was the proximate cause of injury and consequent damage to the Plaintiff.

7        31.   The acts of defendants, and each of them, to deprive plaintiff of his right

8   to liberty was in deliberate indifference and conscious disregard to plaintiff's

9   constitutional rights.  Therefore, defendants, and each of them, are liable under 42

10  U.S.C. §1983.

11       32.   The aforementioned acts of defendants, and each of them, were willful,

12  reckless, malicious, oppressive, and with callous indifference to and with reckless

13  disregard to plaintiff's rights, and thus, justify awarding of exemplary and punitive

14  damages in an amount to be ascertained according to proof at the time of trial.

15       33.   By reason of the afore described acts and omissions of defendants,

16  plaintiff was required to retain an attorney to institute, prosecute and render legal

17  assistance to plaintiff in the within action so that he might vindicate the loss and

18  impairment of plaintiff's rights.  By reason thereof, plaintiff requests payment by

19  defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section

20  1988.

21                            **COUNT TWO**

22                   **(Against All Defendants and DOES I-X,**

23  **For Violation of Civil Rights–Abuse of Process and Malicious Prosecution)**

24       34.   Plaintiff hereby incorporates and realleges Paragraphs 1 through 33

25  hereat as though fully set forth at this place.

26       35.   Plaintiff is informed and believes, and thereon alleges, that all of the

27  acts, as alleged herein above, were done in a conspiracy, either overtly or tacitly,

28  and/or through the individual acts of defendants.

36.     By reason of all defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Eighth and Fourteenth Amendments of the Constitutional of the United States and the laws enacted thereunder.  The Eighth Amendment prohibition of cruel and unusual punishment is applicable to the states and its officers through the Fourteenth Amendment.  The unlawful and unjustified discipline, malicious prosecution, and fabrication of events amounted to an arbitrary intrusion by defendants, and each of them, into the security of plaintiff's rights, in violation of his constitutionally protected rights and constituted cruel and unusual punishment, and were not authorized by law.  The violations inflicted upon plaintiff's person, the restriction of his movements, the unlawful pursuit of criminal and disciplinary charges against him deprived plaintiff of his right to be free from cruel and unusual punishment under the Eighth Amendment as applied to these defendants through the Fourteenth Amendment's right to due process of law.  Additionally, the acts alleged herein were independent of any confinement issues related to this Plaintiff, but related to his right to due process of law, as applied to the states under the Fourteenth Amendment and his right not to have the process of the courts, the disciplinary proceedings, or the prosecution of criminal actions against him used in an abusive manner by the defendants to deprive him of his rights under the Eighth, Fourteenth and Fourth Amendments   These are rights which were not abdicated upon his entry into prison.

37.     The Defendants knew or should have known when they took the action against this Plaintiff that Plaintiff would have been subjected to the infliction of unnecessary and wanton pain.  The Defendants were deliberately indifferent to Plaintiff's constitutional right to be free of cruel and unusual punishment because they committed the acts alleged herein and intentionally interfered with Plaintiff's right to be free from cruel and unusual punishment.  Such acts violated Plaintiff's constitutional right to be free from cruel and unusual punishment, and the Defendants' conduct was the proximate cause of injury and consequent damage to the Plaintiff.

1   Therefore, defendants, and each of them, are liable under 42 U.S.C. §1983.

2   38.   The acts of defendants, and each of them, independent of any Eighth

3   Amendment claim, operated also to deprive plaintiff of his rights to due process of

4   law under the Fourteenth and Fourth Amendments and was done in deliberate

5   indifference and conscious disregard to plaintiff's constitutional rights. Therefore,

6   defendants, and each of them, are liable under 42 U.S.C. §1983.

7   39.   The aforementioned acts of defendants, and each of them, were willful,

8   reckless, malicious, oppressive, and with callous indifference to and with reckless

9   disregard to plaintiff's rights, and thus, justify awarding of exemplary and punitive

10   damages in an amount to be ascertained according to proof at the time of trial.

11   40.   By reason of the afore described acts and omissions of defendants,

12   plaintiff was required to retain an attorney to institute, prosecute and render legal

13   assistance to plaintiff in the within action so that he might vindicate the loss and

14   impairment of plaintiff's rights. By reason thereof, plaintiff requests payment by

15   defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section

16   1988.

17   ## COUNT THREE

18   ### (Against All Defendants and DOES I-X,

19   **For Violation of Civil Rights-Deliberate Indifference to Medical Needs)**

20   41.   Plaintiff hereby incorporates and realleges Paragraphs 1 through 39

21   hereat as though fully set forth at this place.

22   42.   Subsequent to the events alleged herein, the Defendants also denied

23   Plaintiff needed medical treatment by being deliberately indifferent to his serious

24   medical needs after he was beaten. Defendants knew or should have known that

25   Plaintiff had a serious medical need which required appropriate treatment, and that

26   failure to treat such medical need would result in the infliction of unnecessary and

27   wanton pain and/or the exacerbation of other painful medical conditions.

28   43.   Defendants were deliberately indifferent to Plaintiff's constitutional right

1    to be free of cruel and unusual punishment because they denied, delayed or

2    intentionally interfered with medical treatment. Such acts violated Plaintiff's

3    constitutional right to be free from <u>cruel</u> and unusual punishment. The Defendants'

4    conduct was the proximate cause of injury and consequent damage to the Plaintiff.

5          44.    The prison officials (defendants in this action) committed acts which

6    resulted in the denial, delay and/or intentional interference with the medical treatment

7    needed by Plaintiff and the manner in which the prison physicians and or

8    representatives provided medical care was a violation of Plaintiff's rights as well.

9    The deliberate indifference to serious medical needs existed, in part, when these

10    defendants failed to provide medical care when he knew or should have known that

11    such omission will result in the infliction of unnecessary and wanton pain.

12          45.    The aforementioned acts of defendants, and each of them, were willful,

13    reckless, malicious, oppressive, and with callous indifference to and with reckless

14    disregard to plaintiff's rights, and thus, justify awarding of exemplary and punitive

15    damages in an amount to be ascertained according to proof at the time of trial.

16          46.    By reason of the afore described acts and omissions of defendants,

17    plaintiff was required to retain an attorney to institute, prosecute and render legal

18    assistance to plaintiff in the within action so that he might vindicate the loss and

19    impairment of plaintiff's rights. By reason thereof, plaintiff requests payment by the

20    defendants and each of them his attorneys' fees and costs as appropriate under 42

21    U.S.C. section 1988 or any other appropriate authority.

22

23                               **<u>COUNT FOUR</u>**

24             **(Against All Defendants and DOES I-X,**

25       **For Violation of Civil Rights-Due Process, Equal Protection, and**

26     **Violation of Right to Petition the Government for Redress of Grievances**

27          47.    Plaintiff hereby incorporates and realleges Paragraphs 1 through 46

28    hereat as though fully set forth at this place.

48.    Subsequent to the events alleged herein, the Defendants also denied Plaintiff his due process and equal protection rights by delaying, interfering, discouraging, impeding, and otherwise obstructing Plaintiffs need to exhaust his administrative remedies.  Defendants knew or should have known that Plaintiff was required to exhaust his remedies and they took action to interfere with that requirement that he exhaust his remedies.  Defendant J. Curiel took the action on behalf of the other defendants as part of a plan to impeded Plaintiff's ability to remedy the wrongs alleged herein that had been done to him in order to prevent Plaintiff from getting proper redress of his grievances.  The defense knew that the actions taken would result in a denial of his rights.

49.    Defendants were deliberately indifferent to Plaintiffs constitutional right to be free of cruel and unusual punishment as detailed herein.  Defendants also knew that the because they attempted to and did deny, delay or intentionally interfere and impede Plaintiff's attempts to exhaust his remedies, that this would assist defendants in covering up their illegal activity and protecting themselves from being discovered.  Such acts violated Plaintiffs constitutional rights to petition the government for redress, due process, and equal protection.  The Defendants' conduct was the proximate cause of injury and consequent damage to the Plaintiff.

50.    The prison officials (defendants in this action) committed acts which resulted in the denial, delay and/or intentional interference with the Plaintiffs attempts and ultimate success in denying Plaintiff the right to exhaust his remedies before his release from prison.  The deliberate indifference to these rights

51.    The aforementioned acts of defendants, and each of them, were willful, reckless, malicious, oppressive, and with callous indifference to and with reckless disregard to plaintiff's rights, and thus, justify awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

52.    By reason of the afore described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal

1  assistance to plaintiff in the within action so that he might vindicate the loss and
2  impairment of plaintiff's rights.  By reason thereof, plaintiff requests payment by the
3  defendants and each of them his attorneys' fees and costs as appropriate under 42
4  U.S.C. section 1988 or any other appropriate authority.
5      WHEREFORE, plaintiff requests judgment as follows against defendants, and
6  each of them:
7      1.    That defendants be required to pay plaintiff general damages including
8  pain and suffering and emotional distress, in a sum to be ascertained;
9      2.    That defendants be required to pay plaintiff special damages, including
10  medical expenses in a sum to be ascertained;
11      3.    That defendants, except where prohibited by the Government Code, be
12  required to pay plaintiff exemplary and punitive damages in a sum to be ascertained;
13      4.    That defendants be required to pay plaintiff's attorney's fees pursuant to
14  Section 1988 of Title 42 of the United States Code, or any other appropriate and
15  applicable statutes;
16      5.    That defendants be required to pay plaintiff the costs of suit herein
17  incurred; and
18      6.    That plaintiff have such other and further relief as the court may deem
19  just and proper.

20  DATED: January 2, 2009              BELTRAN BELTRAN SMITH
21                                       OPPEL & MACKENZIE, L.L.P.
22
23                                       By _____
24                                       PATRICK S. SMITH
                                         Attorneys for Plaintiff
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEVIN HIGHSMITH,

        Plaintiff,

v.

LIDIA MARQUEZ, in her individual
capacity; JOSE ARROYO, in her
individual capacity; RUDY ESPARZA, in
his individual capacity; FRANK GARCIA,
in his individual capacity; CHRISTOPHER
GEIWITZ, in his individual capacity; SGT.
JOE LOPEZ, in his individual capacity;
STANDISH BERRY in his individual
capacity; CARLOS MANCILLA in his
individual capacity; ROBERT PRATT in
his individual capacity; J. CURIEL, in his
individual capacity, and DOES I through
X, inclusive,

        Defendants.

CASE NUMBER

CV09-00039 SVW (CTx)

SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S), you are hereby summoned and required to file with this court and serve upon    Plaintiff's attorney, whose address is:

        Patrick S. Smith, Esq.
        BELTRAN BELTRAN SMITH OPPEL & MACKENZIE, LLP
        16133 Ventura Blvd., Suite 1145
        Encino, California 91436

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DATED: JAN - 5 2009

                CLERK, U. S. DISTRICT COURT

                     NATALIE LONGORIA
        By_____
             DEPUTY CLERK
             (SEAL OF THE COURT)

CV-01A (01/01)             SUMMONS

1198

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 39 SVW (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>KEVIN HIGHSMITH | **DEFENDANTS**<br>LIDIA MARQUEZ, in her individual capacity; JOSE ARROYO, in her individual capacity; RUDY ESPARZA, in his individual capacity; FRANK GARCIA, in his individual capacity; et al. |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>PATRICK S. SMITH (SBN 120220)<br>BELTRAN BELTRAN SMITH OPPEL & MACKENZIE, L.L.P.<br>16133 Ventura Blvd., Suite 1145<br>Encino, California 91436 | Attorneys (If Known)<br>Edmund G. Brown, Attorney General of the State of California<br>Mitchell E. Rische, Deputy Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, California 90013 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Not yet ascertained

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983 claim for violation of civil rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No  ☒ Yes

If yes, list case number(s): CV 08-04477 PA (SHx)

**FOR OFFICE USE ONLY:** Case Number:   CV09-00039

| | | |
|---|---|---|
| CV-71 (07/05) | **CIVIL COVER SHEET** | Page 1 of 2 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No   ☑ Yes

If yes, list case number(s):  CV 08-04477 PA (SHx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                                 ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
        Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
        Los Angeles (on information and belief)

**List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)**
**Note:** In land condemnation cases, use the location of the tract of land involved.
        Los Angeles

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____  Janaury 2, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |